**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JUAN LUIS VILLALOBOS-NARANJO, 30511086, | § | |
| Petitioner, | § | |
| | § | **3:13-CV-1471-D** |
| v. | § | **3:11-CR-0320-D** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

On March 30, 2012, Petitioner pled guilty without a plea agreement to one count of illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On June 29, 2012, he was sentenced to 33 months in prison, to be followed by a two-year term of supervised release. Petitioner did not file a direct appeal.

On April 9, 2013, Petitioner filed the instant motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. He argues:

1.    He received ineffective assistance of counsel when counsel failed to pursue a four-level departure under the Department of Justice's "Fast-Track" program;

2.    The government unlawfully denied him Fast-Track status;

3.    He received ineffective assistance of counsel when counsel failed to pursue a

third-level reduction for acceptance of responsibility under USSG § 3E1.1(b); and

4.      The government improperly failed to file a motion for a third-level reduction for acceptance of responsibility.

On June 12, 2013, the government filed its answer.  On September 5, 2013, Petitioner filed a reply.  The Court finds the petition should be denied.

## II.  Discussion

### Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1.    **Acceptance of Responsibility**

Petitioner claims his counsel was ineffective when counsel failed to pursue a third-level

reduction for acceptance of responsibility.  He also claims the government improperly failed to

move for this reduction.

The record shows the PSR recommended that Petitioner receive a two-level reduction

under USSG § 3E1.1(a) for acceptance of responsibility.  The PSR concluded, however, that

Petitioner was not eligible for a third-level reduction under § 3E1.1(b) because he did not waive

his appellate rights.  (PSR ¶¶ 16-17.)

A district court cannot award a reduction under § 3E1.1(b) without a motion from the

government.  *United States v. Mora-Fernandez*, 2013 WL 6247437 at *1 (5th Cir. Dec. 4, 2013)

(*per curiam*).  In this case the government refused to file a motion for the reduction because

Petitioner failed to waive his appellate rights.  Petitioner's counsel has submitted an affidavit

stating, "[a]ccording to my notes, I discussed this with Mr. Villalobos-Naranjo and there were

strategic reasons for retaining his rights to appeal."  (Resp. Ex. 1 at 2-3.)  Petitioner has not

shown that his counsel's conduct fell outside of reasonable trial strategy.  *See Wilkerson v.*

*Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Although Petitioner claims it is improper for the government to refuse to file the motion

for reduction based on Petitioner's decision not to waive his appellate rights, the Fifth Circuit has

determined the government may properly refuse to file the motion on this basis.  *See United*

*States v. Newson*, 515 F.3d 374 (5th Cir. 2008).  Further, although the Sentencing Guidelines

were amended on November 1, 2013 to state the government should not refuse to move for a

third-level reduction on this basis, this amendment is not retroactively applicable, and the district

court is required to apply the Guidelines in effect on the date of sentencing.  *Mora-Fernandez*, 2013 WL 6247437 at *1-2.  Petitioner's claim that the government improperly failed to move for a third-level reduction and that his counsel was ineffective is without merit.

**2.     Fast Track**

Petitioner argues his counsel was ineffective for failing to pursue a four-point downward departure under the Department of Justice's Fast-Track program.  The Department of Justice's "Fast-Track" program is an early disposition program for illegal reentry cases.  Under this program, certain defendants charged with an illegal reentry offense who promptly plead guilty can be eligible for a downward sentencing departure.

The record shows Petitioner's counsel did attempt to obtain Fast-Track treatment of Petitioner's case.  Petitioner's counsel contacted the Assistant United States Attorney ("AUSA") requesting a reduction in Petitioner's sentence based on the Fast-Track program.  (Resp. Ex. 2.) Petitioner's counsel also submitted an affidavit stating that she contacted the AUSA about obtaining a reduction under the Fast-Track program and "was informed that the Department of Justice would not move for such a departure based on Mr. Villalobos-Naranjo's criminal history."  (Resp. Ex. 1at 2.)

Under the Fast-Track program and the policy stated by the Department of Justice on January 31, 2012, the United States Attorney has the discretion to limit or deny a defendant's participation in a Fast-Track program based on the defendant's criminal history.  *See Dept. Policy on Early Disposition or "Fast-Track Programs,"* dated Jan. 31, 2012, available at http://www.justice.gov/dag/fast-track-program.pdf.   In this case, the PSR listed six different arrests and convictions, which included convictions for theft, carrying a loaded firearm in public,

reckless driving, the receipt of stolen property, conspiracy involving the theft of valuable

merchandise, illegal reentry and visa fraud.  Petitioner has failed to establish he was improperly

denied Fast-Track status or that his counsel was ineffective for failing to pursue Fast-Track

status.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-

aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 19th  day of February,  2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).